IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Society of Lloyds,              )
                                )
            Plaintiff,          )  Case No. 1:04-CV-191
                                )
    vs.                         )
                                )
Lea Adkins Ward,                )
                                )
            Defendant.          )

Memorandum and Order

On March 9, 2004, Plaintiff initiated this action for recognition and enforcement of an English judgment (the "Judgment") obtained against Defendant Ward on March 11, 1998. This matter is now before the Court upon Plaintiff's motion for summary judgment recognizing and enforcing the Judgment (Doc. 19), Defendant's cross-motion for summary judgment with respect to the applicable rate of conversion from pounds sterling to United States dollars (Doc. 26), and three motions for leave to supplement the record in this matter with additional authority (Doc. 29, Doc. 31, Doc. 38). The three motions for leave to supplement the record (Doc. 29, Doc. 31, and Doc. 38) are hereby **GRANTED**.

The third of those motions appended a memorandum and order issued by this Court on August 18, 2005, in Case Number 1:04-CV-94, Society of Lloyds v. Dohme. In that memorandum and order, the Court addressed many of the issues raised by the

parties in their cross-motions for summary judgment in this matter. The Court will not repeat its analysis but, rather, incorporates the Dohme memorandum and order herein by reference. For the reasons set forth in that memorandum and order, the Court concludes that Defendant Ward is not entitled to summary judgment with respect to the applicable conversion rate and that summary judgment in favor of Plaintiff is not precluded by a genuine dispute concerning the applicable conversion rate. Defendant's cross-motion for summary judgment (Doc. 26) is, therefore, **DENIED**.

Also for the reasons set forth in the Dohme memorandum and order, the Court concludes that Plaintiff is entitled to summary judgment that the Judgment is enforceable and entitled to recognition in this Court. Plaintiff's motion for summary judgment (Doc. 19) is, therefore, **GRANTED** to that extent.

The Court notes that Defendant Ward has raised three arguments in opposition to Plaintiff's motion for summary judgment that were not addressed in the Dohme memorandum and order. Two of those arguments relate to asserted issues of material fact; the third relates to the calculation of prejudgment interest. None precludes the granting of Plaintiff's motion for summary judgment.

Defendant Ward contends that summary judgment is precluded by genuine issues of material fact relating to her

2

affirmative defenses of laches and failure to mitigate damages. The Court applies the same standards in considering the parties' motions for summary judgment in this matter as are set forth in the Dohme memorandum and order (See attachment to Doc. 38).

Plaintiff's mitigation of damages defense is plainly meritless, inasmuch as it is based upon a theory that Plaintiff's claims are for breach of contract. See Memorandum in Opposition (Doc. 25), p.12 ("In a breach of contract action under Ohio law, a plaintiff has a duty to mitigate its damages."). Plaintiff's claim under Ohio law is not for breach of contract but for enforcement of a foreign money judgment. Defendant Ward has not attempted to demonstrate that she is entitled to avoid enforcement of that judgment by virtue of an alleged failure on the part of Plaintiff to mitigate its damages.

The Court is equally unpersuaded by Defendant Ward's argument that genuine issues of material fact relating to her affirmative defense of laches preclude an award of summary judgment in Plaintiff's favor. The parties agree that the elements of the defense of laches are (1) unreasonable delay or lapse of time in asserting a right; (2) absence of excuse; (3) actual or constructive knowledge of the injury; and (4) material prejudice to the other party. See State ex rel. Mallory v. Pub. Employee Retirement Bd., 82 Ohio St.3d 235, 244 (1998). They also agree that delay alone does not satisfy those elements. In

other words, a party may not successfully assert laches on the basis of delay alone.  Rather, that party must also prove material prejudice.  See id.

Defendant Ward has alleged that she is materially prejudiced by Plaintiff's delay in seeking enforcement of the Judgment because she has divorced since Plaintiff obtained the Judgment and her financial circumstances have changed so that she cannot now pay the Judgment as she could have done had Plaintiff sought enforcement earlier.  The Court observes, however, that Defendant Ward's argument is not supported by evidence.  Indeed, the evidence she has submitted in support of her memorandum in opposition to Plaintiff's motion for summary judgment suggests that her alleged financial difficulties were present as early as July of 1995, nearly three years before Plaintiff even obtained the Judgment, as demonstrated by loans she received from her parents.  These loans apparently preceded the marital difficulties in 2002 and 2003 that led to Defendant's divorce in 2004.  Accordingly, like the defendant in one of the cases upon which Defendant Ward relies, Defendant Ward has not demonstrated that the change in her marital circumstances precipitated such a material change in her financial circumstances that she ought to be able to avoid enforcement of the Judgment on the ground of prejudice resulting in laches.  See First Nat'l Bank of Findlay v. Fulk, 57 Ohio App.3d 44, 46 (Hancock Cty. 1989).  The Court

4

concludes, therefore, that genuine issues of material fact relating to Defendant's affirmative defenses of failure to mitigate damages and laches do not preclude entry of summary judgment in Plaintiff's favor in this matter.

Defendant Ward's third argument against an award of summary judgment in this matter is not an argument against recognition and enforcement of the Judgment but rather relates to the calculation of prejudgment interest.  The Court concludes, therefore, that Plaintiff's motion for summary judgment recognizing and enforcing the Judgment is well-taken, and that motion (Doc. 19) is hereby **GRANTED**.  The Court hereby **RECOGNIZES** the Judgment in the amount of £224,138.15.

Plaintiff has also asked for prejudgment interest for the six-year period from the date of the Judgment to the date of the filing of the complaint in this matter of £107,291.45, calculated at the rate of 8% *per annum* per English law.  The Court finds no error in Plaintiff's calculations.  Defendant contends that the issue of whether the interest is to be simple or compound remains unresolved, but the Court notes that Plaintiff has tacitly conceded that it is only entitled to simple interest and has calculated the amount of interest accordingly. The Court finds no reason to deny Plaintiff prejudgment interest in the amount of £107,291.45 for the period ending March 9, 2004.

The Court notes that the complaint was filed two days prior to the expiration of the six-year period for which Plaintiff is entitled to interest under English law.  Adding those two days, the Court concludes that the total amount of interest to which Plaintiff is entitled under English law is £107,586.31.  Accordingly, the Court concludes that Plaintiff is entitled to judgment in the total amount of £331,724.46, to be converted from pounds sterling to U.S. dollars if paid in United States currency at the spot rate as of the last banking day prior to the date of payment.  This action is hereby **CLOSED.**

**IT IS SO ORDERED.**

```
              /s/
Sandra S. Beckwith, Chief Judge
United States District Court
```